O
JS-6

# United States District Court
## Central District of California

| | |
|---|---|
| ELEVEN23 MARKETING, LCC and ARMEN GHARABEGIAN,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>CORT BUSINESS SERVICES CORPORATION,<br><br>　　　　　　Defendant. | Case № 2:16-cv-00167-ODW(Ex)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION TO TRANSFER (25)** |

## I. INTRODUCTION

Plaintiffs Eleven23 Marketing, LLC ("Eleven23") and Armen Gharabegian (collectively, "Plaintiffs") filed a Complaint alleging breach of contract, trademark infringement, trademark dilution, and unfair competition and false advertising by Defendant CORT Business Services Corporation ("CORT"). (ECF No. 1-1.) CORT now moves to dismiss the claims brought by Plaintiffs under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, moves to transfer the matter to the District of Nevada under 28 U.S.C. § 1404. For the reasons discussed below, the Court **DENIES** CORT's Motion to Dismiss, but **GRANTS** CORT's Motion to Transfer. (ECF No. 25.)

## II. FACTUAL BACKGROUND

Gharabegian owns and operates Eleven23 and Lounge22, both furniture design and manufacturing companies. (Mot. to Dismiss "Mot." 2.) Gharabegian resides in Los Angeles County, California and Eleven23 has its principle place of business in Los Angeles County, California. (FAC ¶¶ 1, 2.) CORT is a Delaware Corporation in the business of furniture and accessory rentals, a large part of which is in the trade show and events industry in Las Vegas, Nevada. (Mot. 2.)

In September 2009, Lounge22 filed for Chapter 11 bankruptcy. (FAC ¶ 11.) Following this bankruptcy, Plaintiffs and CORT entered into three agreements, beginning in June 2010 with the Asset Purchase Agreement ("APA"), under which CORT would purchase certain products and furnishings from Lounge22. (*Id.* ¶ 10.) The APA contained standard contractual provisions and boilerplate terms for the parties, but most notably contained a choice of law clause which stated the APA would be governed by laws of California. (*Id.* ¶ 13.) Shortly after this agreement came to fruition, Gharabegian created Eleven23 as Lounge22's successor entity. (*Id.* ¶ 27.) In August 2010, CORT and Eleven23 entered into a Master Supply Agreement ("MSA"), under which Eleven23 would design and manufacture furniture for CORT and CORT would license the Lounge22 trademark. (Mot. 3.) The MSA contained a Choice of Law and Choice of Forum clause that required the MSA to be governed by laws of Nevada and adjudicated by a state or federal court located in Nevada. (Chang Decl., ECF No. 27, Ex. 1.) Lastly, in August 2010, CORT and Gharabegian entered into a non-competition and non-solicitation agreement ("NCA"), which had a five- year term. (FAC ¶ 18.) That term expired in August 2015. (*Id.* ¶ 19.)

In late 2014, the two parties began discussing possible modification and renewal of the MSA and NCA. (*Id.*) After the parties failed to strike an agreement, Plaintiffs notified CORT that they believed the MSA and NCA were no longer in effect. (FAC ¶ 23.) CORT claimed that the MSA was still in effect because the agreement was automatically renewed by its terms, and asserted its right to sue under

the contract. (FAC ¶ 26.) In response, Plaintiffs filed this action in Los Angeles County Superior Court, asserting claims under the contract as well as trademark infringement claims for CORT's use of the Lounge22 logo. (ECF No 1-1.) The case was removed to this Court on January 11, 2016. (ECF No. 1.)

CORT now moves the Court to dismiss Plaintiff's complaint for failure to state a claim, or in the alternative, to transfer the case to the District of Nevada. Plaintiffs filed a timely Opposition, and CORT a timely reply. (ECF Nos. 36, 38.) The Motion is now before the Court for consideration.

### III. DISCUSSION

Judicial policy strongly favors forum selection clauses. *See E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 992 (9th Cir. 2006). As such, a forum selection clause "should be given controlling weight in all but the most exceptional cases." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring). It is only under these "extraordinary circumstances unrelated to the convenience of the parties" that a transfer motion being used to enforce a forum selection clause should be denied. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013).

Here, the agreement at issue, the MSA, contains a valid forum selection clause. Forum selection clauses are *prima facie* valid and are enforced "absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 16 (1972)).

Three factors have been recognized as finding a forum selection clause unreasonable:

> (1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause

enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought.

*Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (citing and quoting *M/S Bremen*, 407 U.S. at 12–13, 15, 18, (1972) (internal quotation marks omitted); *See Jet Innovations v. Ross*, No. CV 09-05542 CAS RCX, 2009 WL 2984850, at *2 (C.D. Cal. Sept. 14, 2009) (finding that the preselected forum must be "so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court.").

These factors weigh in favor of the forum selection clause being considered valid. First, neither party has put forth any allegations, nor has there been any evidence to suggest, that the forum selection was placed in the MSA as a result of fraud or overreach by one of the parties. Second, it does not appear that Plaintiffs would be deprived of their day in court should the matter be transferred to Nevada. Las Vegas, as the Plaintiffs point out in their own motion, is not substantially distant from Los Angeles. Further, Plaintiffs have routinely conducted business in Las Vegas, clearly showing that travel to that forum is not such a burden that would deprive Plaintiffs of their day in court. (Mot. 13.) Lastly, the claims at issue are not specifically related to California. As such, California does not have a substantial enough interest to justify denying the motion to transfer. Thus, these factors favor the enforcement of the forum selection clause.

Plaintiffs assert that this matter should not be transferred because the APA is the seminal contract, and thus controlling, under Cal. Civ. Code § 1642. Section 1642 provides that "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together." *Id.* Plaintiffs contend that the APA's Choice of Law clause, which requires disputes to be governed by California law, should govern all three agreements. The court finds this argument unpersuasive.

It is generally "'a question of fact whether several writings comprise one transaction' for purposes of section 1642." *Kondo v. Anthelio Health Care Sols., Inc.*, No. 15-CV-03244-DMR, 2015 WL 7710301, at 4 (N.D. Cal. Nov. 30, 2015) (citing *Nevin v. Salk*, 45 Cal. App. 3d 331, 338 (1975)). Here, the facts point to these two transactions as being separate and distinct from one another. The APA relates to the purchase of assets from Lounge22, which had declared bankruptcy, while the MSA relates to an agreement for Eleven23 to design and produce furniture for CORT. (Mot. 2–3.) The only connection between these two agreements is that both companies are owned by Gharabegian, both companies were in same business of producing furniture, and both companies sent furniture to CORT. The MSA was not a successor contract to the APA, but an entirely different agreement. While the end result of the agreements may have been the same—CORT obtaining furniture—the two agreements arose from different circumstances and cannot be considered one transaction.

Given the validity of the forum selection clause, a traditional § 1404 analysis favors transfer. Here, the court must look to the "convenience of the parties and witnesses" and the "interest of justice" to see whether a case should be transferred to "a district or division where it might have been brought or to any district or division to which all parties have consented." Fed. R. Civ. P. § 1404(a). However, the "presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Atl. Marine Const. Co.*, 134 S. Ct. at 581. First, the plaintiff's choice of forum is given no weight, and instead, the party trying to exclude the forum selection clause "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, a forum-selection clause in a contract waives the right of the parties to challenge the preselected forum as inconvenient, thus limiting the court's consideration to the public interest factors at stake. *Id.* at 582. Such factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with

the law." *Id.* at 581 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241(1981)). Third, a forum selection clause does not allow the law of the original forum to transfer with the matter; instead, the law of the preselected forum will apply. *Id.* at 582.

This analysis favors transfer to the District of Nevada. First, the case could have been brought in the District of Nevada because there is proper Personal Jurisdiction, Subject Matter Jurisdiction, and Venue. CORT concedes that it is subject to Personal Jurisdiction in Nevada because of the large amount of business it conducts in the state. (Mot. 12). Subject Matter Jurisdiction is proper under 28 U.S.C. §1332 because Plaintiffs reside in California, CORT resides in Delaware and Virginia, and the amount in controversy is over the jurisdictional minimum. (FAC ¶ 7.) Venue is proper under 28 U.S.C. §1391(b)(1), which allows a civil action to be brought in a "judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located." Under § 1391(c)(2), a corporation is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction." Here, CORT is the only defendant in the case, making venue proper in the District of Nevada, according to the personal jurisdiction analysis stated above. Thus, the case could have originally been brought in the District of Nevada.

Second, the transfer to the District of Nevada promotes the interests of justice. In looking at the public interest factors at stake, there are little, if any, administrative difficulties in transferring the case to Nevada. Also, California's interest in adjudicating the case is marginal. Nevada's interest in adjudicating the case, on the other hand, is much more substantial given that the MSA relates to the supply of furniture to Nevada, which is then used in Nevada's key economic area of tourism. Lastly, the District Court of Nevada will have no trouble applying the correct law because the primary dispute in this case involves the MSA, which by its terms, is governed by Nevada law.

Lastly, the court is unpersuaded by Plaintiffs contention that the language of the forum selection clause is ambiguous. The language of the contract is clear regarding

the choice of forum being either a state or federal court in Nevada. (Chang Decl., ECF No. 27, Ex. 1.)

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Transfer to the District of Nevada. As such, the Court **DENIES** Defendant's Motion as moot. This matter is hereby transferred to the District of Nevada for further proceedings. The Clerk of the Court will close this case.

**IT IS SO ORDERED.**

June 10, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**